[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the jury returned a verdict for the plaintiff to recover the sum of $48,577.20. The defendant now moves to set the verdict aside as excessive.
With special damages of a little less than $1,000, the verdict appears to be generous. However, the jury heard evidence of the effect of his injuries upon the plaintiff's life and received evidence from Dr. William Fisher, an orthopedic surgeon, that as a result of his injuries, the plaintiff sustained a twelve (12%) percent permanent partial disability of his neck and back. The jury also heard evidence the plaintiff's average life expectancy was 15.66 years.
Given that the amount of damages is to be determined by the jury unless the award is so excessive as to shock the sense of justice, the verdict must stand.
See Sciola v. Shernow, 22 Conn. App. 351, 357.
With respect to the influence of sympathy, the jury was instructed not to allow sympathy or other emotion to influence its verdict. That grounds to set the verdict aside must also be found to be without merit.
With respect to the jury's initial return of two verdicts, the court believes its supplemental instructions to the jury, agreed upon by counsel, made more clear the jury's disposition of the verdict forms upon deciding upon a verdict.
Accordingly, in all respects, the motion to set aside the CT Page 5765 verdict is denied.
McDONALD, J.